*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0240p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DANIEL A. CROOKS et al.,

*Petitioners-Appellants,*

*v.*

No. 05-1744

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

---

Filed: May 25, 2006[*]

Before: GILMAN, SUTTON, and COOK, Circuit Judges.

---

## ORDER

---

PER CURIAM. Daniel A. and Deborah D. Crooks, Ohio residents proceeding pro se, appeal a Tax Court order assessing tax deficiencies and penalties against them for tax years 2000 and 2001. *See* 26 U.S.C. § 7482. The appellants have also filed a motion for summary judgment on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

After the Commissioner assessed tax deficiencies and penalties against the appellants, the appellants filed a petition for review of the Commissioner's decision in the Tax Court. The parties stipulated to certain facts, and a hearing was held. The Tax Court then concluded that the appellants were not entitled to take depreciation deductions and disabled access tax credits as they had claimed on their tax returns.

Daniel and Deborah Crooks now appeal. They claim that they are entitled to a depreciation deduction for some pay phones they purchased, as well as to a disabled access tax credit for purchasing the phones. The appellants have also filed a motion for summary judgment on appeal. The Commissioner has filed a response brief challenging the appellants' arguments and asserting that because Deborah Crooks did not participate in the notice of appeal, she is not an appellant in this case. However, contrary to the Commissioner's assertion, Deborah Crooks is a party to this appeal because she is the spouse of Daniel Crooks, and Daniel filed the notice of appeal. *See* Fed. R. App. P. 3(c)(2).

We can disturb the Tax Court's findings of fact "only if they are clearly erroneous; questions of law are subject to de novo review." *Smith v. Comm'r*, 926 F.2d 1470, 1474 (6th Cir. 1991). The

---

[*] This order was originally issued as an "unpublished order" filed on May 25, 2006. On June 27, 2006, the court designated the order as one recommended for full-text publication.

1

appellants allege that they are entitled to a depreciation deduction and a disabled access tax credit for tax years 2000 and 2001. Federal statutes that grant tax deductions "are matters of 'legislative grace' and are strictly construed in favor of the government." *Chrysler Corp. v. Comm'r*, 436 F.3d 644, 654 (6th Cir. 2006). Therefore, taxpayers carry the burden of proving that they are entitled to tax deductions and credits. *See Schiff v. United States*, 942 F.2d 348, 352 (6th Cir. 1991).

First, the appellants contend that they purchased four pay telephones, and that they are therefore entitled to take a depreciation deduction under Internal Revenue Code (IRC) § 167, i.e., 26 U.S.C. § 167. This court has held that in order to determine, for tax purposes, whether a sale has been completed, the entire transaction has to be examined. *Comm'r v. Segall*, 114 F.2d 706, 709 (6th Cir. 1940). The transfer of title and of possession are both important aspects of completing a sale. *Id*. at 709-10. The following are important factors for a court to consider in determining whether a sale has been completed:

> (1) Whether legal title passes; (2) the manner in which the parties treat the transaction; (3) whether the purchaser acquired any equity in the property; (4) whether the purchaser has any control over the property and, if so, the extent of such control; (5) whether the purchaser bears the risk of loss or damage to the property; and (6) whether the purchaser will receive any benefit from the operation or disposition of the property.

*Upham v. Comm'r*, 923 F.2d 1328, 1334 (8th Cir. 1991).

In the present case, the appellants entered into a purchase agreement and a service agreement with Alpha Telecom, Incorporated (Alpha), and/or American Telecommunications Company (ATC), a wholly owned subsidiary of Alpha. When reviewing the agreements together, it is apparent that the benefits and burdens of ownership of the phones did not pass from Alpha to the appellants. Although it appears that legal title passed to the appellants, the parties did not treat the appellants as the true owners of the phones. The appellants did not acquire any equity in the property because when Alpha declared bankruptcy, the phones were not returned by the bankruptcy trustee to the appellants as property in which they had an equitable interest. Alpha entered into agreements with those who owned or leased the properties where the phones were going to be located; conducted all maintenance on the phones; collected the money from the phones; kept the majority of profits above $58.34 collected by the phones each month; and managed the phones. Therefore, Alpha had primary control over the phones.

Further, Alpha bore the risk of loss or damage to the property because the appellants could sell the phones back to Alpha at any time for the purchase price minus a ten percent restocking fee, and because the appellants were guaranteed to make $58.34 per month on the phones, even if the phones brought in less than that amount. Finally, because Alpha was entitled to the majority of profits made by the phones above $58.34, the appellants did not receive any significant benefit from operating the phones. Therefore, when the *Upham* factors are considered, it is clear that the Tax Court properly concluded that the appellants were not entitled to the depreciation deduction on their taxes because they were not the owners of the phones. *See Upham*, 923 F.2d at 1334.

Second, the appellants contend that they are entitled to a disabled access tax credit under IRC § 44, i.e., 26 U.S.C. § 44, for purchasing the phones. That section of the IRC provides that an "eligible small business" is entitled to a tax credit of a certain amount if the business made expenditures to enable it to comply with the Americans With Disabilities Act (ADA). *See* 26 U.S.C. §§ 44(a), (b), and (c). The types of expenditures for which a business may take a disabled access tax credit are limited by the statute. *See* 26 U.S.C. § 44(c)(2). Such expenditures include amounts paid to remove communication and physical barriers that "prevent a business from being accessible

to, or usable by, individuals with disabilities," and amounts paid "to acquire or modify equipment or devices for" the disabled.  26 U.S.C. § 44(c)(2)(A) and (D).

Before purchasing the phones, the appellants were not denying phone service to disabled individuals because the individuals were disabled.  *See Fan v. Comm'r*, 117 T.C. 32, 37-38 (2001).  Further, as the Tax Court properly found, the appellants were not violating the ADA before they purchased the phones, so purchasing them did not enable the appellants to become ADA-compliant.  *Id*. at 37-39.  Thus, the Tax Court properly concluded that the appellants were not entitled to the disabled access tax credit.

Moreover, as noted by the Commissioner, even if we assume that the phones were located at places that qualified under the ADA as "places of public accommodation," the appellants did not have a duty to ensure that the phones were ADA-compliant because the appellants were not themselves the owners, lessors, lessees, or operators of the places of public accommodation.  *See* 42 U.S.C. §§ 12182(a), (b)(2)(A); 26 U.S.C. § 44(c); *Stoutenborough v. Nat'l Football League, Inc.*, 59 F.3d 580, 582-83 (6th Cir. 1995).  In fact, as previously discussed, the appellants did not "own" the phones, and Alpha, rather than the appellants, entered into the lease agreements for the phones' locations with the owners of those locations.  Thus, the appellants were mere investors in the phones, and the appellants did not have a duty to be compliant with Title III of the ADA because they did not own, lease, or operate any place of public accommodation.  *See Arevalo v. Comm'r*, 124 T.C. 244, 255-56 (2005).

Furthermore, the appellants were not "common carriers" obligated to supply "telecommunications relay services" in the areas where their phones were located, as described in Title IV of the ADA.  *See* 47 U.S.C. § 225(c).  The appellants did not own the pay phones and they did not operate the phones, as Alpha did that for them.  Therefore, because the appellants were not "actively engaged in the provision of services to others," they were not common carriers who were obligated to make the phones compliant with Title IV of the ADA.  *Arevalo*, 124 T.C. at 257.

Thus, the appellants were not required to comply with either Title III or Title IV of the ADA.  As a result, they were not entitled to take the disabled access tax credit under 26 U.S.C. § 44, *id*. at 257-58, and the Tax Court properly concluded that the appellants' claim concerning the disabled access credit lacked merit.

We have considered the other arguments that the appellants have raised on appeal, and we conclude that they also lack merit.

Accordingly, the Tax Court's order is affirmed and the appellants' motion for summary judgment is denied.  Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green
_____
Clerk