NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 9, 2008
Decided March 6, 2009

**Before**

JOEL M. FLAUM , *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-1764

| | |
|---|---|
| JOSEPH M. SITA and MARJORIE SITA,<br> *Petitioners-Appellants*, | Appeal from the United States Tax Court |
| *v.* | No. 10068-05 |
| COMMISSIONER OF INTERNAL REVENUE,<br> *Respondent-Appellee*. | Harry A. Haines,<br>*Judge*. |

**O R D E R**

In this appeal, Joseph and Marjorie Sita are challenging the Tax Court's decision affirming a determination of the Commissioner of Internal Revenue that they underpaid their 2001 and 2002 taxes. On their 2001 tax return, the Sitas claimed a depreciation deduction allegedly authorized by 47 U.S.C. § 167, as well as a tax credit allegedly authorized by 47 U.S.C. § 44. On their 2002 return, the Sitas claimed a business expense deduction that they later asserted was meant to be a depreciation deduction. The deductions and the credit arose from the Sitas' purchase of seven pay telephones from

Alpha Telecom, Inc., at a price of $5,000 per phone. Under the terms of the agreement, Alpha Telecom continued to manage the phones and retained the responsibility for selecting the locations, installing the phones, negotiating site contracts, obtaining insurance, collecting revenue, and paying all fees. Alpha Telecom also agreed to buy back the phones for 100% of the original sale price; if the phones were returned within three years, however, the Sitas would have to deduct a 10% charge from their reimbursement.

The Tax Court agreed with the Commissioner that the Sitas were not eligible for either the depreciation deduction described in § 167 or for the tax credit authorized by § 44. It accordingly upheld the deficiency assessed by the Commissioner of $3,121 in 2001 and $2,100 in 2002. Significantly, both the Fifth Circuit and the Sixth Circuit have already decided that the purchasers of pay phones from Alpha Telecom are not eligible for either a § 167 depreciation deduction or a § 44 tax credit. See *Arrevalo v. Comm'r*, 469 F.3d 436 (5th Cir. 2006); *Crooks v. Comm'r*, 453 F.3d 653 (6th Cir. 2006). We agree with our sister circuits and the Tax Court for the reasons articulated in the Tax Court's opinion. See *Sita v. Comm'r*, 94 T.C.M. (CCH) 548 (2007).

As the Tax Court explained in more detail, the Sitas are not eligible for the § 167 depreciation deduction because the purchase and service arrangement did not give them a sufficient ownership interest in the pay phones. The transfer of formal legal title is not enough to qualify for this deduction. *Durkin v. Comm'r*, 872 F.2d 1271, 1275 (7th Cir. 1989). One must have the benefits and burdens of ownership, and the Sitas did not. With regard to the § 44 tax credit, the Sitas are not eligible because they are not subject to the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. The tax credit applies only to qualified expenditures made for the purpose of complying with the ADA. Because the Sitas are not subject to the ADA, the purchase of the pay phones was not a qualified expenditure.

We therefore AFFIRM the decision of the Tax Court.

*So ordered.*