# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2911

_____

Owen D. Snyder; Lillie M. Snyder,     *

                               *

        Appellants,          *

                               *   Appeal from the United States

     v.                    *   Tax Court.

                               *

Commissioner of Internal Revenue,   *   [UNPUBLISHED]

                               *

        Appellee.           *

_____

Submitted: April 6, 2010
Filed: May 4, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Owen and Lillie Snyder (taxpayers) challenge the tax court's[1] decision affirming a determination by the Commissioner of Internal Revenue that they underpaid their 1999, 2000, and 2001 taxes and were subject to accuracy-related penalties. On their 1999 return, taxpayers claimed depreciation deductions under 26 U.S.C. § 167; and on their 2000 and 2001 returns, they claimed section 167 deductions, and also disabled access credit under 26 U.S.C. § 44. The deductions and the credit arose from Owen Snyder's investments in payphones that he purchased

_____

[1]The Honorable L. Paige Marvel, United States Tax Court Judge.

from Alpha Telcom, Inc. (Alpha), and from an automated teller machine (ATM) that he purchased from National Equipment Providers, LLC (NEP). The payphones and ATM were represented to be equipped with modifications that rendered them compliant with the Americans With Disabilities Act (ADA). We review the tax court's findings of fact for clear error and its legal conclusions de novo. See Campbell v. Comm'r, 164 F.3d 1140, 1142 (8th Cir. 1999).

We agree with the tax court that taxpayers were not eligible to take depreciation deductions for either the payphones or the ATM, because under Owen Snyder's purchase and service agreements with Alpha and with NEP's service provider, both companies retained so much control over the equipment that taxpayers never acquired ownership of it for purposes of the Tax Code. See Upham v. Comm'r, 923 F.2d 1328, 1334 (8th Cir. 1991) ("[W]here the transferor continues to retain significant control over the property transferred, the transfer of formal legal title will not operate to shift the incidence of taxation attributable to ownership of the property.") Specifically, Alpha and NEP's service provider chose the location where the equipment was to be installed and entered into site agreements; performed installation, maintenance, and repairs; collected revenues; and paid insurance and other fees. Further, the companies agreed to buy back their equipment and retained a majority of the profits from the payphone and ATM revenues. See id. (discussing factors to consider in determining ownership); Arevalo v. Comm'r, 469 F.3d 436 (5th Cir. 2006) (applying Upham to affirm disallowance of § 167 depreciation deduction taken by taxpayers who bought payphones from Alpha); Crooks v. Comm'r, 453 F.3d 653 (6th Cir. 2006) (same); see also Sita v. Comm'r, 313 Fed. Appx. 885 (7th Cir. 2009) (unpublished per curiam) (same).

We also agree with the tax court that taxpayers were not eligible for the disabled-access tax credit, because the credit applies only to qualified expenditures made for the purpose of complying with the ADA, and taxpayers were not required to comply with the ADA. See Crooks, 453 F.3d at 657 (taxpayer-investors did not

have duty to ensure phones were ADA-compliant because they were not owners, lessors, lessees, or operators of places of public accommodation; payphone investment did not qualify for disabled-access credit); <u>Arevalo</u>, 469 F.3d at 440 (same); <u>Sita</u>, 313 Fed. Appx. at 886 (same).

Finally we agree with the tax court that taxpayers were subject to accuracy-related penalties under 26 U.S.C. § 6662 for substantially understating their taxes.

Accordingly, we affirm.

_____